**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**JOSE CRUZ-ALTUNAR,**

      **Petitioner,**

      **v.**

**WARDEN, ROSS**
**CORRECTIONAL INSTITUTION,**

      **Respondent.**

          **CASE NO. 2:14-CV-01844**
          **JUDGE ALEGNON L. MARBLEY**
          **MAGISTRATE JUDGE KEMP**

**OPINION AND ORDER**

On March 9, 2016, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be denied and that this action be dismissed.  (ECF No. 9.)  Petitioner has filed *Objections* to the Magistrate Judge's *Report and Recommendation.*  (ECF No. 10.)  Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review.  For the reasons that follow, Petitioner's *Objections* (ECF No. 10) are **OVERRULED.**  The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED.**  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and this action is hereby **DISMISSED**.

This case involves Petitioner's October 2011, convictions after a jury trial in the Franklin County Court of Common Pleas on two counts of murder.  The Ohio Court of Appeals affirmed Petitioner's convictions and sentence.  Petitioner did not timely appeal to the Ohio Supreme Court, and the Ohio Supreme Court denied Petitioner's motion for a delayed appeal.  Petitioner asserts that his convictions are against the manifest weight of the evidence, that the evidence is constitutionally insufficient to sustain his convictions, and that the trial court improperly failed to issue a jury instruction on the lesser included offense of voluntary manslaughter.  The Magistrate

Judge concluded that Petitioner had failed to establish cause and prejudice for his procedural default in failing to file a timely appeal to the Ohio Supreme Court, and recommended dismissal, in any event, because Petitioner's claims failed on the merits.  Petitioner objects to the Magistrate Judge's recommendations.

Petitioner again argues that the evidence is constitutionally insufficient to sustain his convictions.  He maintains that the evidence established his guilt solely as to the lesser included offense of voluntary manslaughter and states that the Magistrate Judge misconstrued his argument in this regard.  Petitioner also again asserts that he has established cause for his procedural default based on the State's failure to provide him with Spanish resources or an interpreter.  Petitioner contends that such failure constituted state action that prevented him from timely filing his appeal and denied him access to the courts.  This Court is not persuaded by Petitioner's arguments.

" 'Cause' for a procedural default is ordinarily shown by 'some objective factor external to the defense' which impeded the petitioner's efforts to comply with the state's procedural rule." *Horne v. Bunting*, No. 5:12CV2274, 2014 WL 7375469, at *16 (N.D. Ohio Dec. 29, 2014)(citing *Coleman*, 501 U.S. at 753 (quoting *Murray*, 477 U.S. at 488).  *See also Jamison v. Collins,* 100 F.Supp.2d 521, 533 (S.D. Ohio 1998)(to establish cause for a procedural default, "the petitioner must provide a 'substantial' reason that is 'external' to the petitioner")(citing *Murray v. Carrier,* 477 U.S. 478, 488 (1986); *Rust v. Zent,* 17 F.3d 155, 161 (6th Cir. 1994)).  As noted by the Magistrate Judge, "courts have held that language barriers and unfamiliarity with the legal system are not external factors sufficient to excuse procedural default."  *Sanchez v. Hetzel*, No. 1:11-cv-940-TMH, 2014 WL 1491178, at *4 (M.D. Ala. April 15, 2014)(citing *Vazquez v. Lockhart*, 867 F.2d 1056, 1058 (8th Cir.1988) (*pro se* and language barrier insufficient to excuse

procedural default); *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) ("unfamiliarity with the English language" is not "external to [his] defense"); *Silva v. Oregon*, 2009 WL 4505445, at *6 (D.Or. Dec. 2, 2009) (inability to speak English not an "objective factor amounting to cause"); *Fabian v. Herbert*, 2003 WL 173910 at *4 (S.D.N.Y. Jan. 23, 2003) (inability to speak or comprehend English insufficient to overcome procedural bar); *Weeks v. Bowersox*, 106 F.3d 248, 250 (8th Cir.1997) (illiteracy insufficient to excuse default); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000) ("The fact that an inmate law clerk was assisting in drafting [pleadings] does not relieve [petitioner] from the personal responsibility of complying with the law."); *Cornman v. Armontrout*, 959 F.2d 727, 729 (8th Cir. 1992) (petitioner's below-average intelligence insufficient to establish cause).

Moreover, even assuming that Petitioner could establish cause for his procedural default, the record reflects that the evidence, when viewed in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307, 319 (1979), is plainly constitutionally sufficient to sustain his convictions on murder.  Further, his claim that his convictions are against the manifest weight of the evidence fails to provide a basis for federal habeas corpus relief.  *See Shedwick v. Warden, North Correctional Institution*, No. 2:13-cv-1230, 2015 WL 5785719, at *7 (S.D. Ohio Oct. 5, 2015).  To the extent that Petitioner asserts that the trial court unconstitutionally failed to issue a lesser-included jury instruction, such claim likewise fails to warrant relief.  *See McMullan v. Booker,* 761 F.3d 662, 667 (6th Cir. 2014).

Petitioner's *Objections* (ECF No. 10) are **OVERRULED.**  The *Report and Recommendation* (ECF No. 9) is **ADOPTED** and **AFFIRMED.**  The petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED** and this action is hereby **DISMISSED**.

**IT IS SO ORDERED.**

**DATED:  April 13, 2016**                        s/Algenon L. Marbley
                                                ALGENON L. MARBLEY
                                                United States District Judge