IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| JOSE CRUZ-ALTUNAR, | Case No. 2:14-cv-01844 |
| Petitioner, | |
| | JUDGE ALGENON L. MARBLEY |
| v. | |
| | Magistrate Judge Vascura |
| WARDEN, ROSS CORRECTIONAL INSTITUTION,[1] | |
| Respondent. | |

## OPINION AND ORDER DENYING PETITIONER'S MOTION TO VACATE JUDGMENT [#17] AND DIRECTING CLERK TO MAIL PETITIONER A COPY OF THIS COURT'S STANDARD FORM (A0-241) FOR FILING A HABEAS PETITION UNDER § 2254

### I. INTRODUCTION

This matter is before the Court on Petitioner's Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b). (Doc. No. 17.) For the reasons that follow, the Court **DENIES** Petitioner's Motion. However, because Petitioner's Motion can also be construed as one seeking leave to bring new substantive claims for federal habeas relief under 28 U.S.C. § 2254, the Clerk is directed to mail Petitioner a copy of this Court's standard form (A0-241) for filing a habeas petition under § 2254.

---

[1] Petitioner was convicted in the Court of Common Pleas for Franklin County, Ohio. He was previously in custody in Ross County but has since been transferred to a facility in Warren County. Franklin, Ross, and Warren counties are all located in the Southern District of Ohio.

1

# II. BACKGROUND

The Franklin County Court of Appeals summarized the relevant procedural background in this case:

> On August 2, 2010, a Franklin County Grand Jury indicted [Petitioner] on three felony counts for the murder of Ricardo Perez. Count 1 of the indictment charged appellant with aggravated murder, in violation of R.C. 2903.01; Count 2 charged appellant with murder, in violation of R.C. 2903.02, for purposely causing the death of Perez; and Count 3 charged appellant with felony murder, also in violation of R.C. 2903.02, with the underlying felony being the felonious assault of Perez, in violation of R.C. 2903.11. On October 31, 2011, a jury found [Petitioner] not guilty of aggravated murder, but guilty of both counts of murder.
>
> . . . As a result of a sentencing hearing held on November 9, 2011, the trial court determined that Counts 2 and 3 were allied offenses of similar import and should be merged. [The state], however, did not make an election as to which count to pursue for purposes of sentencing. The trial court imposed a sentence of 15 years to life on each count, but ordered [Petitioner] to serve the sentences on the two convictions concurrently, for an aggregate sentence of 15 years to life.
>
> . . . [Petitioner] timely appealed to this court from the judgment of conviction and sentence. In *State v. Cruz-Altunar*, 10th Dist. No. 11AP-1114, 2012-Ohio-4833, this court affirmed [Petitioner's] conviction.[1] On July 23, 2014, the Supreme Court of Ohio denied [Petitioner's] motion for a delayed appeal. *State v. Cruz-Altunar*, 139 Ohio St.3d 1482, 2014-Ohio-3195.
>
>> Fn 1. In his direct appeal, [Petitioner] asserted the following two assignments of error: "The trial court erred in refusing to give an instruction on Voluntary Manslaughter when the evidence warranted such an instruction"; and "[Petitioner's] convictions were not supported by sufficient evidence and were against the manifest weight of the evidence." *Cruz-Altunar* at ¶ 6. [Petitioner] did not cross-appeal. *Id.*

*State v. Cruz-Altunar*, No.18AP–951, 2019 WL 2437934, at *1 (Ct. App. Ohio June 11, 2019).

On October 14, 2014, Petitioner filed a petition for a writ of habeas corpus in this Court. (Doc. No. 3.) In it, Petitioner asserted that the state trial court erred by failing to provide a jury instruction on voluntary manslaughter; that his convictions were not supported by sufficient evidence; that his convictions were against the manifest weight of the evidence; and that he was unable to file a timely appeal in the Ohio Supreme Court because of language barriers. (*Id.*) On April 13, 2016, this Court determined that Petitioner's claims were procedurally barred, and that even if they were not so barred, the claims either were not cognizable or they failed on the merits. (Doc. Nos. 9 & 11.) The Court declined to issue a certificate of appealability and determined that any appeal would be objectively frivolous. (Doc. No. 15.) Although Petitioner filed a notice of appeal (Doc. No. 13), the Court of Appeals for the Sixth Circuit dismissed that appeal on August 16, 2016 for want of prosecution (ECF No. 16).

Two years later, Petitioner sought relief in the state trial court. The state appellate court summarized those subsequent proceedings as follows:

> . . . On September 7, 2018, [Petitioner], pro se, filed a motion to vacate his sentence arguing that the trial court violated R.C. 2941.25 and the decision of the Supreme Court in *State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658 when it convicted him of allied offenses of similar import. [The state] opposed the motion. On November 15, 2018, the trial court issued an entry denying the motion, wherein the trial court stated: "[T]he Court vacates the sentence as to Count Three and the Defendant is only being sentenced under Count Two." (Entry Denying Mot. to Void Sentence at 2.) In conjunction with the entry denying [Petitioner's] motion, the trial court issue[d] an amended judgment entry, wherein the court stated: "Counts Two and Three merge for sentencing purposes," and "[t]he court vacates the sentence as to Count Three." (Emphasis omitted.) (Nov. 15, 2018 Am. Jgmt. Entry at 1.) The trial court re-imposed the sentence of 15 years to life as to Count 2 only.

*Cruz-Altunar*, 2019 WL 2437934, at *1.

Petitioner appealed the state trial court's judgment denying his motion to vacate. *Id.* In that appeal, he alleged that his constitutional rights were violated when the state trial court issued

the amended judgment entry on November 15, 2018. *Id.* Specifically, Petitioner alleged that because the state trial court erred by failing to merge Counts Two and Three in the original judgment of sentence, the original judgment of sentence was void, and the state trial court lacked authority to amend a void judgment of sentence. *Id*. at *2–3. Petitioner also alleged that the state trial court violated his constitutional rights by issuing the amended judgment entry when the state prosecutor had not elected which murder charge to pursue at sentencing and by issuing the amended judgment entry while Petitioner was not present. *Id*. at *2–5. On June 11, 2019, the state appellate court overruled Petitioner's assignments of error and affirmed the state trial court. *Id.* at *6.[2]

On July 5, 2019, Petitioner filed this Motion seeking to be "relieved from this Court's April 13, 2016, order" denying his petition for habeas relief. (Doc. No. 17.) Petitioner asserts that he is entitled to that relief pursuant to Rule 60(b) because this Court's April 13, 2016 Judgment was based on a prior state court judgment—the original judgement of sentence issued by the state trial court in 2011—that has since been reversed or vacated. (*Id*.) Petitioner also asserts that the state trial court "issued an amended entry which is currently in process of complete exhaustion in state court." (*Id*.) Petitioner indicates that he wants to bring claims related to the amended judgment entry issued in November of 2018, and states that an "[a]dditional claim will be amended to this action pertaining to [Petitioner's] right to be present and state[']s election not made in open court." (*Id*.)

---

[2] It is unclear from the current record if Petitioner has appealed that determination to the Ohio Supreme Court.

**III. ANALYSIS**

Federal Rule of Civil Procedure 60(b), in relevant part, provides that on motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable . . .

Fed. R. Civ. P. 60(b)(4)-(5).

In the federal habeas context, courts draw a distinction between "true" motions under Rule 60(b) and applications for habeas relief. *See Zagorski v. Mays*, 907 F.3d 901, 905 (6th Cir. 2018) (explaining that courts "cannot address a habeas claim disguised as a motion for Rule 60(b) relief"). The Sixth Circuit has explained that "an 'application' for habeas relief is a filing that contains one or more 'claims.'" *Tyler v. Anderson*, 749 F.3d 499, 506 (6th Cir.) (2014) (quoting *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005)). A motion contains a "claim . . . if it asserts a 'federal basis for relief from the state court's judgment of conviction . . . by 'seek[ing] to add a new ground for relief' or 'attack[ing] the federal court's previous resolution of a claim *on the merits*' . . . ." *Id*. (quoting *Gonzalez*, 545 U.S. at 532) (internal citations omitted). "'A habeas petitioner's filing that seeks vindication of such a claim is, if not in substance a habeas corpus application, at least similar enough that failing to subject it to the same requirements would be inconsistent with the statute.'" *Id*. (quoting *Gonzalez*, 545 U.S. at 531) (internal quotations omitted). On the other hand, "[a] movant is not making a habeas claim when he seeks only to lift the procedural bars that prevented adjudication of certain claims on the merits." *Moreland v. Robinson,* 813 F.3d 315, 322–23 (6th Cir. 2016). In short, a true Rule 60(b) motion attacks some

5

defect in the integrity of the federal habeas proceedings. *In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005).

Here, Petitioner is not attacking the integrity of the prior habeas proceedings in this Court. Petitioner instead seeks relief from this Court's April 13, 2016 judgment in order to bring additional claims related to the amended judgment entry issued by the state trial court in November 2018. Because Petitioner seeks to add new grounds for relief, his claims must be asserted in a petition brought under § 2254, not in a motion brought under Rule 60(b).

Petitioner has failed to describe his claims in any detail. Indeed, it appears that he may be seeking leave to bring new claims. However, Petitioner is not required to seek leave of this Court before filing a new § 2254 petition. Instead, Petitioner must first file a new petition that complies with all the pertinent filing and application fee requirements. Upon receipt of a properly filed petition, the Court will review it pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court," including whether it constitutes a successive petition pursuant to 28 U.S.C. § 2244(b).

## V. CONCLUSION

For these reasons, Petitioner's motion **(ECF No. 17)** is **DENIED**. The Clerk is **DIRECTED** to mail Petitioner a copy of this Court's standard form (A0–241) for filing a habeas petition under § 2254.

**IT IS SO ORDERED.**

    /s/ Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 30, 2019**